**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES HEDMAN CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-1344-JCH |
| | ) | |
| FLOYD CRUES, STEVEN WARMACK, | ) | |
| LARRY HUTCHINS, SHANE HOPPER, | ) | |
| SILVIA SHEAD, MEL GUNTHER, | ) | |
| RICHARD BATES, ST. LOUIS PUBLIC | ) | |
| SCHOOL DISTRICT, ST. LOUIS | ) | |
| PUBLIC SCHOOLS BOARD OF | ) | |
| EDUCATION (former), DARRNETTA | ) | |
| CLINKSCALE, VINCENT | ) | |
| SCHOEMEHL, AMY HILGERMAN, | ) | |
| ROBERT JACKSON, RON | ) | |
| ARCHIBALD, BILL HASS, | ) | |
| VERONICA O'BRIAN, ROBERT LEE, | ) | |
| SCHOOL SERVICE SYSTEMS, | ) | |
| ALTERNATIVE UNLIMITED, INC., | ) | |
| and KEN BROSTRUM, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of plaintiff James Hedman Clark

for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C.

§ 1915(a). Upon consideration of the financial information provided with the application, the Court

finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be

granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992), *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff seeks monetary and injunctive relief pursuant to 28 U.S.C. § 1338 and various state-law causes of action.  In Count 1 of the complaint, plaintiff alleges defamation against Defendant Warmack. Count 2 alleges fraud against Defendants Hutchins, Warmack, Crues, Hopper, former  St. Louis Public School ("SLPS") Board Members and Brostrum.  Count 3 alleges constructive fraud against Defendants Gunther, Warmack, Crues, Hutchins and the former SLPS Board of Education.  Count 4 alleges breach of fiduciary duty against Defendants Crues, Hutchins, Warmack, Hopper, Shead and Gunther.  Count 5 alleges conversion of intellectual property against Defendants Crues, Warmack, Hopper, Gunther, Lee and the former SLPS Board of Education.  In Count 6, plaintiff seeks injunctive relief against Defendants Crues, Warmack, Hutchins, Pineau,

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Hopper, Shead, Gunther, Bates, current and former SLPS Board of Education members, Brostrum, SLPS, Lee, School Service Systems, and Alternative Unlimited, Inc.[1]

Plaintiff states that he developed a behavioral modification program, for which he has, or has applied for, patent and/or copyright protection. He alleges that defendants conspired to steal his program with the intention of utilizing it and of marketing it for profit to other school districts. Plaintiff asserts, *inter alia*, that (1) Defendant Lee, a close personal friend of Defendant Crues, the SLPS Superintendent, acquired a SLPS Board-approved contract for $700,000.00 to implement the program developed by plaintiff; (2) implementation of his program resulted in a $7,000.00 incentive bonus for Defendant Crues; and (3) the former SLPS Board of Education agreed to compensate Defendant Alternative Unlimited, Inc., $2,100,000.00 to implement plaintiff's program.

Additionally, plaintiff moves for a temporary restraining order to prevent defendants from marketing his program to other school districts or, in any way, communicating or disseminating plaintiff's program to others. He also demands that all documents related to his program and copies thereof, in any form, be returned to him.

**Discussion**

---

[1]In Count 6, plaintiff alleges claims against defendants Pineau and the current SLPS Board of Education members. Said defendants are not named in the caption of the case, as required by Rule 10(a) of the Federal Rules of Civil Procedure. However, "a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant." *Miller v. Hedrick*, No. 05-1362 (8th Cir. August 17, 2005) (unpublished) (citing *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983)). Because the allegations in the body of plaintiff's complaint make it plain that Pineau and the current SLPS Board of Education members are intended as defendants, said defendants are properly in the case and will be docketed as additional defendants.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Liberally construing plaintiff's complaint, the Court finds that plaintiff's claims survive review under § 1915(e)(2)(B) and should not be dismissed at this time. Therefore, the Court will order that defendants Crues, Warmack, Hutchins, Hopper, Shead, Gunther, Bates, St. Louis Public School District, St. Louis Public School Board of Education (former), Clinkscale, Schoemehl, Hilgerman, Jackson, Archibald, Hass, O'Brian, Lee, School Service Systems, Alternative Unlimited, Inc., Brostrum, Pineau and St. Louis Public School Board of Education (current) reply to the complaint. The Court notes that plaintiff has not provided the Court with the current addresses of defendants. Process cannot issue upon plaintiff's complaint until he has provided defendants' addresses.

The Court will deny plaintiff's motion for a temporary restraining order. A temporary restraining order is an extraordinary remedy which may be granted only if the moving party can demonstrate the following: (1) a likelihood of success on the merits; (2) that the balance of harms favors the movant; (3) that the public interest favors the movant; and (4) that the movant will suffer irreparable harm absent the restraining order. *Dataphase Sys., Inc. v. CL Sys., Inc.,* 640 F.2d 109, 113 (8th Cir.1981).

Plaintiff asserts that he is the only person qualified to implement his program and that SLPS students will be immediately and irreparably harmed if his program is improperly implemented. Plaintiff's subjective feelings do not amount to a sufficient basis for the relief he seeks. The purpose of a temporary injunction, generally, is to preserve the status quo until the merits of a case are determined at trial. Here, however, plaintiff seeks to gain, through this means, most of what he would achieve if he succeeded on the merits at trial. Such a remedy is not appropriate. Plaintiff has failed to meet the burden of demonstrating that he is entitled to a temporary restraining order;

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

accordingly, the Court will deny plaintiff's motion.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED**. *See* 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall docket as additional defendants Unknown Pineau and St. Louis Public School Board of Education (current).

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days from the date of this Order to provide the Court, in writing, with the current addresses of defendants Crues, Warmack, Hutchins, Hopper, Shead, Gunther, Bates, St. Louis Public School District, St. Louis Public School Board of Education (former), Clinkscale, Schoemehl, Hilgerman, Jackson, Archibald, Hass, O'Brian, Lee, School Service Systems, Alternative Unlimited, Inc., Brostrum, Pineau and St. Louis Public School Board of Education (current).

**IT IS FURTHER ORDERED** that plaintiff's failure to comply in a timely manner with the Court's Order will result in the dismissal of the named defendants without prejudice.

**IT IS FURTHER ORDERED** that, upon receipt from plaintiff of defendants' addresses, the Clerk shall issue process or cause process to be issued upon the complaint as to defendants Crues, Warmack, Hutchins, Hopper, Shead, Gunther, Bates, St. Louis Public School District, St. Louis Public School Board of Education (former), Clinkscale, Schoemehl, Hilgerman, Jackson, Archibald, Hass, O'Brian, Lee, School Service Systems, Alternative Unlimited, Inc., Brostrum, Pineau and St. Louis Public School Board of Education (current).

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order [Doc. 4] be **DENIED**.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Dated this 29th day of August, 2005.


**/s/ Jean C. Hamilton**
**UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com