**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JAMES H. CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05-CV-1344 JCH |
| ) | |
| FLOYD CRUES, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court are several post-dismissal motions and requests brought by plaintiff James Clark. Because this action is closed, the Court will deny plaintiff's motions and instruct the Clerk of Court to return any additional filings brought by plaintiff Clark.

**Background**

Plaintiff filed the instant patent infringement action against a myriad of defendants on or about August 25, 2005. Plaintiff Clark was employed by Special School District of St. Louis County from 1990 to 2001, and in October of 2003, he was hired as a probationary teacher by the Board of Education of the City of St. Louis. He continued in that capacity during the 2003-2004, as well as the 2004-2005 school years. While working at Roosevelt High School's Ninth Grade Center during the 2003-2004 school year, plaintiff allegedly created and purportedly implemented an All-School Behavioral Modification Program, which plaintiff referred to as his "Out of Area Program." He sued defendants for: 1) willful patent infringement; 2) inducement of patent infringement; 3) abuse of process; 3) misappropriation of Missouri Trade Secret Act; 4) unfair competition; 5) copyright infringement; 5) tortious interference with attorney-client relationship; 6) tortious interference with an advantageous business relationship; 7) tortious interference with a

contractual relationship; 8) unjust enrichment; 9) undue influence 10) assumption of duty; 11) defamation; 12) breach of fiduciary duty; 13) fraudulent misrepresentation; 14) negligence; 15) intentional infliction of emotional distress; and 16) and civil conspiracy. Judgment was granted in favor of defendants on March 23, 2007. Plaintiff appealed to Federal Circuit Court of Appeals. The Court of Appeals affirmed the judgment of the District Court on January 14, 2008.

Plaintiff's first motion is titled "Motion to the Court Regarding Changes." Attached to his motion is an affidavit seeking to "quiet title." Plaintiff does not indicate the address of the real property he is seeking to quiet title." The Court will deny plaintiff's motion "Regarding Changes."

Plaintiff's second motion is titled, "Ex Parte Motion to the Court." In his motion he states that he has been the subject of government surveillance. He additionally asserts that he has been subjected to "interferences" as well as "threatening, retaliatory behaviors."

Plaintiff states that he has taken to getting Attention Deficit Disorder (ADD) medication "off the streets" so he can complete his Quiet Title pleadings. He admits that at one point he was arrested as a result of buying ADD medications without a prescription. He claims that a week later, his daughter was pulled over and charged with possession of drugs. Plaintiff Clark believes he and his daughter were somehow targeted by the police.

In his request for relief, plaintiff asks the Court to hear his Quiet Title action and relocate him and his belongings outside of St. Louis. Plaintiff also seeks a settlement with the Special School District, as well as a new employment position with "a cooperative school district."

**Discussion**

Plaintiff's requested relief seeking a settlement with the Special School District is in effect a reconsideration of this Court's 2007 Judgment. After reviewing the grounds raised by plaintiff, the Court will decline to alter or amend the judgment of this Court. The Court concludes that

plaintiff's motion fails to point to any manifest errors of law or fact, or any newly discovered evidence. Instead, the motion can be said to merely revisit old arguments. Plaintiff is therefore not entitled to reconsideration of Judgment, and his motions will be denied.

As for plaintiff's request that the Court hear his Quiet Title action, the Court will decline to do so. This Court lacks jurisdiction over such actions. Additionally, this case did not involve any real property and the Court will not reopen this action to allow plaintiff to add claims post-dismissal. If plaintiff wishes to bring such an action, he must do so in state court.

Last, the Court will speak to plaintiff's "Ex Parte Motion to the Court." In his motion he states that he has been the subject of government surveillance. He additionally asserts that he has been subjected to "interferences" as well as "threatening, retaliatory behaviors." Plaintiff's allegations are fanciful, fantastic, and wholly incredible. See *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). And plaintiff, himself, states that he has been told by his doctor that he appears delusional. His claims suggest a finding of factual frivolousness as to his Ex Parte Motion, and as such, his motion will be denied. Additionally, due to the nature of plaintiff's filings, the Court will order the Clerk not to accept any additional findings from plaintiff in this closed case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion "Regarding Changes" [ Doc. #260] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's "Ex Parte Motion" [Doc. #261] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request that the Court hear his Quiet Title action is **DENIED.**

4

**IT IS FURTHER ORDERED** that the Clerk shall return any additional filings by plaintiff. Plaintiff shall not be allowed to file any additional motions or pleadings in this closed action.

Dated this 15th day of January, 2021.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE